# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Frank Muniz,

        Petitioner,

v.                                          Civ. No. 03-0157 WPJ/WDS

David Trujillo, Warden and
Patricia Madrid, New Mexico Attorney General,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.    This matter comes before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. §2254, filed January 31, 2003.  Petitioner, who is incarcerated, is proceeding *pro se* and *in forma pauperis*.  He is confined pursuant to the Judgment, Sentence and Commitment of the Thirteenth Judicial District, County of Valencia, for the crimes of Kidnaping (Firearm Enhancement); Aggravated Assault on a Peace Officer with a Deadly Weapon (Firearm Enhancement); Attempted Escape from a Peace Officer (Firearm Enhancement); and, Attempted Disarming of a Peace Officer (Firearm Enhancement).  Petitioner was sentenced to a total incarceration period of nineteen (19) years, followed by a two year period of parole.

---

[1]

  Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings.  If no objections are filed, no appellate review will be allowed.

2.      On September 26, 1999, Petitioner was arrested at the Central New Mexico Correctional Facility in Los Lunas, New Mexico on an outstanding warrant.  According to the facts set forth in Petitioner's Docketing Statement (Doc. 2; Answer, Exhibit C) and those recited by the New Mexico Court of Appeals (Exhibits D and G), Petitioner had traveled to the facility with a companion so that his companion could visit an inmate.  Before Petitioner drove into the facility, a corrections officer observed Petitioner removing some items from the vehicle he was driving and placing  them by the side of the road.  Petitioner and his companion (who was not arrested) were detained while officers investigated the incident.  The officers found a handgun and two knives near the area where Petitioner had removed items from the vehicle.

3.      Petitioner was then transported to the State Police station in Los Lunas to be processed.  What happened once Petitioner arrived at the police station was disputed at trial. According to Petitioner, Officer Dickie testified at trial that he left Petitioner handcuffed to a chair while he prepared his report.  The handgun that was found near the correctional facility was on a nearby table.  When Officer Dickie returned after leaving the room,  Petitioner had the handgun and pointed it at Officer Dickie.  He forced Officer Dickie to uncuff him from the chair and then had Officer Dickie handcuff himself to the chair. Petitioner ran but did not leave the building.  He was eventually confronted by  Officer Dickie who had freed himself.  Officer Dickie ordered Petitioner to drop the gun and when he didn't, Officer Dickie shot at Petitioner several times, striking him once. Petitioner, on the other hand, contends that Officer Dickie threatened him and struck him while he was handcuffed.  Petitioner testified that he feared for his safety and for his life and when  Officer Dickie left the room for a moment, Petitioner took the handgun that had been left on the table.  When Officer Dickie returned, Petitioner pointed the gun at him and had Officer Dickie uncuff him. Petitioner then had Officer Dickie handcuff himself to the chair and Petitioner "fled for his safety."

According to Petitioner, he was unable to get out of the building and once Officer Dickie was able to uncuff himself, he began shooting at Petitioner.  Following a jury trial, Petitioner was found guilty of several crimes stemming from the incident at the police station.

4.      In his petition, Petitioner alleges three grounds for relief: (1) that mention of Petitioner's incarceration during the State's opening statement deprived him of a fair trial; (2) that the trial court  erred in allowing Petitioner's alleged victim to testify about his investigation after the incident; and, (3) that the trial court erred in allowing the State to present evidence that the gun found near the Central New Mexico Correctional Facility had been reported stolen.

5.      As an initial matter, I note that, as Petitioner has pointed out in his Reply to Respondent's Answer [Doc. 10], Respondent has completely failed to address the issues raised by Petitioner and makes several factually incorrect statements.  Contrary to Respondent's assertion, Petitioner has raised all three of the issues in his petition in the highest state court. Petitioner filed his Notice of Appeal on October 16, 2001.  Exhibit B.  The three issues in this Petition were raised by Petitioner in his Docketing Statement as issues D, E and G (referred to by the Court of Appeals as issues 4, 5 and 7).  Exhibit C.  The Court of Appeals filed its Memorandum Opinion on April 5, 2002, affirming in part and reversing in part.  Exhibit G.  Petitioner's Petition for Writ of Certiorari was denied by the New Mexico Supreme Court on May 14, 2002.  Exhibit I.  Petitioner filed his petition with this Court on January 31, 2003.  Thus, Petitioner has exhausted the issues raised and timely filed his Petition.

6.      Furthermore,  and again, contrary to Respondent's assertion,  Petitioner's pending habeas corpus petition filed in Valencia County on April 11, 2002, does not raise the same issues that have been raised in the instant case. Exhibit K.

**First Ground**

7.     Petitioner alleges that the mention of his incarceration by the State's attorney during opening statement deprived him of a fair trial under the Fourteenth Amendment.   According to Petitioner's Docketing Statement, the prosecutor told the jury during opening statement that, "[i]t is up to you whether he goes home or remains in jail."  Exhibit F, p. 5.   Petitioner argues that by informing the jury that he was incarcerated, the jury was given the impression that he was a menace, thereby shattering the presumption of innocence.   However, Petitioner admits that no objection was made at the time of trial to this alleged error.

8.     The New Mexico Court of Appeals found that Petitioner failed to preserve this alleged error below.  Petitioner agreed but contended that preservation was not necessary pursuant to *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).   The Court of Appeals was unpersuaded by Petitioner's argument and affirmed as to that issue stating that "a timely objection must be made in order for an error of this nature to constitute grounds for reversal."  Exhibit G, p. 4.  However, the court continued it's analysis by addressing the merits of Petitioner's appeal under a fundamental error analysis and concluded that the prejudice to the Petitioner did not rise to the "level necessary to be able to invoke the doctrines of plain or fundamental error.  *Id.*

9.     The threshold question that must be addressed is whether this issue is procedurally barred.  "On habeas review, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice."  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).   Cause for the procedural default must be some objective factor external to the defense and not attributable to the defendant.  *U.S. v. Salazar,* 323 F.3d 852, 855 (10th Cir. 2003).   To demonstrate prejudice, the habeas petitioner must show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting

his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596 (1982).  A fundamental miscarriage of justice is the conviction of someone who is factually innocent.  *Salazar,* 323 F.3d at 855.

10.     A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998)  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995), *cert. denied,* 514 U.S. 1115 (1995) quoting *Andrews v. Deland*, 943 F.2d 1162, 1190 (10th Cir. 1991), *cert. denied*, 502 U.S. 1110 (1992).  Petitioner makes no argument that the New Mexico Court of Appeals' procedural bar holding was not adequate and independent.  Accordingly, I do not address that question.

11.     In this case, the New Mexico Court of Appeals denied relief to Petitioner based on their finding of procedural default.  However, they also addressed the merits of Petitioner's claim. In *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed 2d 1201 (1983), the Supreme Court set forth a rule to avoid the difficulties associated with such ambiguity.  "Under Long, if 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a ''plain statement' that [its] decision rests upon adequate and independent state grounds.'"  *Harris v. Reed*, 489 U.S. 255, 261, 109 S.Ct. 1038, 1042, 103 L.Ed.2d 208 (1989), *quoting Long,* 463 U.S. at 1042, 103 S.Ct. at 3477. In addressing the issue of an ambiguous ruling, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, 109 S.Ct. at 1043.

12.     I conclude that the New Mexico Court of Appeals "clearly and expressly" stated that

its rejection of Petitioner's argument rested on a state procedural bar rule, despite its further analysis of the merits.   Accordingly, as Petitioner has made no showing of cause and prejudice or a fundamental miscarriage of justice, this Court will not address Petitioner's first ground.

**Second Ground**

13.     Petitioner alleges that the Court erred in allowing Petitioner's alleged victim, State Police Officer James Dickie, to testify about his investigation after the incident.  Petitioner contends that Officer Dickie's investigation and testimony was prejudicial to Petitioner and violated his right to a fair trial.  Nonetheless, as with the preceding issue, Petitioner failed to preserve this alleged error below.

14.      As with Petitioner's first ground, Petitioner has offered no showing of any cause or prejudice for the failure to raise this issue at the time of trial, nor for a fundamental miscarriage of justice.  Therefore, relief should be denied on this issue as well.

**Third Ground**

15.     As his third, and final ground, Petitioner alleges that the trial court erred in allowing the State to present evidence that the gun found near the Central New Mexico Correctional Facility had been reported stolen.  Petitioner asserts that "The admittance of this inflammatory evidence prejudiced applicant in that the jury could have inferred that applicant stole the gun, therefore, he was a law breaker, placing him within the criminal class, subjecting him to be guilty of crimes charged." I liberally construe Petitioner's claim as violation of his right to a fair trial.

16.     A federal habeas court will not question an evidentiary ruling of a state court unless a petitioner can show that, because of the trial court's actions, the trial, as a whole, was rendered fundamentally unfair. *Nichols v. Sullivan*, 867 F.2d 1250, 1253 (10th Cir.), *cert. den.*, 490 U.S. 1112 (1989); *Duvall v. Reynolds*, 139 F.3d 768, 789 (10th Cir. 1998), *quoting Hopkinson v. Shillinger,*

866 F.2d 1185, 1197 (10th Cir. 1989), *cert. den.,* 525 U.S. 933 (1998) (habeas relief on state court evidentiary rulings not granted unless they rendered the "trial so fundamentally unfair as to constitute a denial of federal constitutional rights.").

17.     At the outset, the New Mexico Court of Appeals questioned whether the evidence regarding the handgun was even relevant.  Without deciding this issue, but assuming the evidence was irrelevant or unduly prejudicial, the court applied a harmless error analysis.  Nonetheless, I find that such an analysis is unnecessary given the record before this Court.

18.     Petitioner has failed to make any showing that this alleged error rendered his trial fundamentally unfair.  Even if it was error to admit the questionable testimony regarding the stolen handgun, evidence supporting Petitioner's guilt is overwhelming.  This one error does not create any doubt about the firmness of the verdict. See, *Torres v. Mullin,* 317 F.3d 1145, 1160 (10th Cir. 2003) ("no reasonable likelihood that the testimony on this comparatively small point could have affected the judgment of the jury when considered against the overwhelming evidence of guilt").  None of the real issues were overshadowed by this minor error.  The admission of the evidence did not affect substantial rights of the Petitioner.

19.     Based on the foregoing, I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. §2254 by DENIED, and that this cause be dismissed with prejudice.


_____
UNITED STATES MAGISTRATE JUDGE